**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR- |
| | § | 00019-ALM-AGD-5 |
| JERRY JESSE HICKS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Jerry Jesse Hicks' ("Defendant") supervised release. After the District Judge referred the matter to this court for a Report and Recommendation, the court conducted a hearing on June 3, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on May 29, 2019, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine or 50 grams or more of Methamphetamine (Actual), a Class A felony. This offense carried a statutory maximum imprisonment term of Life and a statutory minimum imprisonment range of 10 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 120 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, including medication management, and a $100 special assessment. On December 22, 2024, executive clemency was granted, commuting the total sentence of imprisonment to expire on December 27, 2024. The grant

of clemency left intact and in effect the term of supervised release previously imposed. On December 20, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On May 20, 2026, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #446, Sealed). The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) (standard) Defendant must answer truthfully the questions asked by his probation officer (Dkt. #447 at pp. 1-2, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On February 19, 2026, Defendant submitted a urine specimen, at his residence in Paris, Texas, which tested positive for methamphetamine. Upon questioning, he verbally admitted to using methamphetamine and signed an admission form stating such. On March 4, 2026, Defendant submitted a urine specimen at the U.S. Probation Office in Sherman, Texas which tested positive for methamphetamine. When initially questioned regarding the result, he denied any new drug use. The specimen was confirmed by the national lab. On March 10, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for methamphetamine. Upon questioning he denied any methamphetamine use. The specimen was subsequently confirmed positive by the national lab. On May 5, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for

methamphetamine. When questioned regarding the result, he denied any new drug use. The specimen was confirmed by the national lab; (2) On March 3, 2026, Defendant failed to submit a random urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas as part of the random drug testing program; (3) On May 6, 2026, Defendant was contacted regarding the urine specimen on May 5, 2026, which presumptively tested positive for methamphetamine. When questioned, he denied any illegal drug use since his last positive drug test in March 2026 and continued to deny using methamphetamine. The specimen was later confirmed positive, for methamphetamine, by the national lab. As such, Defendant was not truthful regarding his drug use when questioned by the probation officer. (Dkt. #447 at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (2) and (3). Defendant entered a plea of true to allegation (1) of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months, with a three (3) year term of supervised release to follow. All prior conditions imposed in the original judgment should be reimposed.

The court recommends that the Government's motion to dismiss allegations (2) and (3) should be granted.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 5th day of June, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE